ACCEPTED
01-15-00216-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 4:08:16 PM
CHRISTOPHER PRIN
CLERK

No. 01-15-00216-CR
No. 01-15-00217-CR

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/10/2015 4:08:16 PM
CHRISTOPHER A. PRINE
Clerk

§    IN THE COURT OF APPEALS

IN RE

§    FIRST JUDICIAL DISTRICT

BRANDON JAY CARTER

§    HOUSTON, TEXAS

STATE'S RESPONSE

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

NOW COMES the State of Texas, by and through its District Attorney, 268th Judicial District, Fort Bend County, and responds to this Court's request for a response from the real party in interest in the above referenced cases.

I.
*Procedural Background*

On August 30, 2012, a Fort Bend County Grand Jury indicted Relator, Brandon Jay Carter, for the offense of burglary of a habitation with intent to commit a sexual assault, a first degree felony. [Exhibit A, being a copy of the indictment]

On February 17, 2015, a jury trial commenced with the selection of a petit jury, which was selected and sworn on February 18, 2015. The State rested and closed on February 25, 2015, and the jury began its deliberations. February 26, 2015, the jury reported that their differences were irreconcilable. The Court sent an Allen charge to the jury, but the jury was still unable to reach a verdict. Relator's motion for a

1

mistrial was granted and the jury discharged. The trial court then entered a Judgment of Contempt and Commitment Order and released Relator's defense counsel, David Christopher Hesse on a personal recognizance bond. [Exhibit B, being a copy of the trial court's docket sheet]

On March 2, 2015, Hon. James Shoemake, Presiding Administrative Judge entered an order appointing Harris S. Wood, Jr. to defend Relator. [Exhibit C, being a copy of the order packet]

On March 6, 2015, this Court requested a response from the real party in interest. The Court's website reflects that the State of Texas is a real party in interest.

On March 9, 2015, a Notice of Allegations of Contempt and Order Setting Show Cause Hearing for March 23, 2015 was filed and personally served on March 10, 2015 on Mr. Hesse. [Exhibit D, being a copy of the notice without attachments]

## II.
### *The State is not a real party in interest*

The crux of Relator's petition for writs of mandamus and prohibition is to reinstate David Christopher Hesse as Relator's appointed attorney. Although Relator names District Attorney, John F. Healey, Jr., as a real party in interest, the State of Texas has no interest in which competent attorney represents Relator.[1]  More

---

[1] The State's only interest is that appointed counsel render effective assistance.

2

importantly, the State believes that it may be an ethical violation for its attorneys to express an opinion in this matter and as a result, in all likelihood, interfere with the attorney-client relationship.

Respectfully submitted,

John F. Healey, Jr.
SBOT # 09328300
District Attorney, 268th Judicial District
Fort Bend County, Texas

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell
SBOT # 11395400
Assistant District Attorney
301 Jackson Street, Room 101
Richmond, Texas 77469
(281) 238-3205/(281) 238-3340 (fax)
Gail.McConnell@fortbendcountytx.gov

3

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing State's response was served on

March 10, 2015, the electronic filing manager or by email on the following persons:

David Christopher Hesse, Attorney for Relator
Hesse@HoustonCriminalJustice.com

Harris S. Wood, Jr., Appointed Attorney for Relator in Cause No. 12-DCR-061186
hwoodatty@yahoo.com

Hon. Thomas R. Culver, III, Presiding Judge, 240th District Court
c/o Becky.Fisher@fortbendcountytx.gov

/s/ Gail Kikawa McConnell
Gail Kikawa McConnell

4

# Exhibit A

# THE STATE OF TEXAS

Amanda Bolin
30.02 (d)
22990007

### VS

## BRANDON JAY CARTER

| | |
|---|---|
| **D.O.B.:** 04/25/1991 | **DA CONTROL NO:** 12-006209 |
| **FELONY CHARGE:** BURGLARY HABITATION INTEND SEX OFFENSE/ F1 | **ARREST DATE:** Not arrested on this charge |
| **CAUSE NO:** 12-DCR-061186 | **OFFENSE DATE:** September 26, 2011 |
| **DISTRICT COURT NO:** 240th | **AGENCY/AGENCY NO:** FORT BEND COUNTY SHERIFF'S OFFICE/ 110025389 |
| **BAIL AMOUNT:** $50,000 | **PRIOR CAUSE NO:** |
| **RELATED:** | **CO-DEF:** |

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Fort Bend County, Texas, presents in the District Court of Fort Bend County, Texas, that in Fort Bend County, Texas, **BRANDON JAY CARTER**, hereafter styled the Defendant, heretofore on or about **September 26, 2011**, did then and there intentionally or knowingly enter a habitation, without the effective consent of Larissa Treybig, the owner thereof, and attempted to commit or committed the felony offense of sexual assault;

A. Bentancourt
Date:

FILED
2012 AUG 20 PM 12: 22
CLERK DISTRICT COURT
FORT BEND CO. TX

AGAINST THE PEACE AND DIGNITY OF THE STATE.

FOREMAN OF THE GRAND JURY

INDICTMENT (ORIGINAL/DA)

12-DCR-061186
INDI
Indictment
2039636

# Exhibit B

# CRIMINAL DOCKET

| COURT NO. | STYLE OF CASE | ATTORNEYS | CASE TYPE FILED |
|---|---|---|---|
| 240th Judicial District Court | THE STATE OF TEXAS VS BRANDON JAY CARTER | DISTRICT ATTORNEY | Adult Felony - Filed by Indictment |

**DATE OF FILING**

| MONTH | DAY | YEAR |
|---|---|---|
| August 20, 2012 | | |

| STATE | |
|---|---|
| DEFENDANT | **OFFENSE** BURGLARY HABITATION INTEND SEX OFFENSE (F1) |

## ORDERS OF COURT

BAIL SET AT: 50,000

**DATE OF ORDERS**

| MONTH | DAY | YEAR | ORDERS OF COURT |
|---|---|---|---|
| 09 | 23 | 14 | State to [illegible] @ 1:30 pm |
| 10 | 14 | 14 | D/ (Atty Chris Please) + Asst. P.A. Patel present on Onc Mot. for Expt. of Expenditures I.B. Expert Reward. Requested only State's @ [illegible] Db Mot. for Exped in [illegible] (#7250) [signature] judge (Repeated: C) |
| 12 | 02 | 14 | State to 03/17/15 @ 8:30 am. Def present in person + by counsel ChrisPlease, State prosecute April DA, STUTI PATEL & AMANDA BOWN. Pre-Trial Motion heard & ruled on of record. [illegible] announced. Def is request for jury trial. Jury shall be GRANTED. Shall be [illegible] at 11:05 A.M. Court non-die instructions given (over) |
| 2 | 17 | 15 | |

CAUSE NO: 12-DCR-061186
THE STATE OF TEXAS vs BRANDON JAY CARTER

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 17 | 15 | (Continued) until 12:03 P.M. Panel admonished & excused until 1:30 P.M. Resumed 1:30. State's voir dire began, concluding at 3:00 P.M. Recess. Resume & Def's voir dire began & concluded at 5:15 P.M. Conference betw Court & Counsel. Panel excused until 9 AM Wed 2/18/15. |
| 2 | 18 | 15 | Resumed 9 AM. Individual jurors questioned during voir dire, completed at 11 AM. Motions in Limine heard out of jury's presence. Jurors selected were recalled to Courtroom and Sworn. Indictment read until touched. Deft. Pleads of NOT GUILTY. Witnesses sworn & rule invoked. State's opening statement began at 11:38 AM, concluding at 11:45 A.M. Deft's opening statement began concluding at 11:55 AM. Recess until 1:30 P.M. Resumed 1:30 P.M. State's evidence began ~~continued until~~ Witness _____ Ft. Bend Dep Sheriff Don Kimball testified on direct exam until 1:51 PM; on cross exam until 2:13 P.M. on re-direct exam until _____ @ Witness Melissa Tremble testified Witness Complainant _____ until 2:14 PM on direct exam until 2:59 P.M. Recess until 3:15 P.M. State's evidence Witness Complainant cont'd on direct exam until 3:50 P.M. on cross exam until 4:45 P.M. Court recessed until 9 AM 2/19/15 |
| 2 | 19 | 15 | Resumed 9:13 AM State's evidence cont'd ① cont'd on cross exam until 9:33 AM on re-direct until 9:59. Recessed 10:15 Resumed 10:20 A.M. State's evidence continued. Witness ③ WANDA Harris (Forensic Artist) testified on direct exam until 10:49 AM, on cross exam until 11 AM. Witness ④ Dep. Charles Scott testified on direct exam until 11:18 AM, on cross exam until 11:25 AM. Recess (turn to reverse page) |

(next page)

# DOCKET

| COURT NO. | STYLE OF CASE | ATTORNEY'S | TYPE OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|---|---|
| | | | CAUSE NO. | MONTH | DAY | YEAR |
| | THE STATE OF TEXAS **PLAINTIFF** | STUTI PATEL | | | | |
| STENOGRAPHER USED? | | AMANDA BOLIN | | | | |
| (YES)   NO | VS. | | | JURY FEE | | |
| LIZ WITTU | BRANDON JAY CARTER **DEFENDANT** | CHRIS HESSE | | PAID BY | | |
| | | | | MICROFILM REEL / FRAME | | |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 19 | 15 | (Cont'd) Witness Dep. Charles Scott cont'd before jury. Legg 11:37AM, concluding 11:52. Noon Recess until 1:20 PM. Resumed 1:32 P.M. State's evid. cont'd. Witness CRAIG (5) investigator Ft. Bend Co crime scene unit. Crabtree testified on direct exam until 1:40 P.M., on cross-exam until 1:48 P.M. State's Witness (6) Ft. Bend Co Sgt Kim Orzeskowicz testified on direct exam until 2:18 P.M., on cross-exam and re-exam. Cross exam until 2:25 P.M., on re-direct until 2:30 P.M. Recess at 2:30 until 2:45 PM. Resumed 2:46 P.M. State's Witness (7) Fort Bend County Sheriff's office C.I.D Capt Duane Wright testified on direct exam until 4 P.M. Recess. Resumed 4:16. Witness Capt Wright cont'd on direct exam until 4:31 PM. Recess until 9 AM Friday 2/20/15. Recess until 9 AM. |
| 2 | 20 | 15 | Def's counsel's motion to recuse trial courts & for mistrial were (30 OUT OF FLORES PRESENCE) denied & overruled (12 min). Resumed 9:10 AM. Witness Capt Wright on stand. Video Shirley played for jury. Resuming at 9:18 AM, concluding at 10:32 A.M. Recess until 10:55 A.M. Def's cross-exam began then, concluding at 12:05 P.M. until 1:35 P.M. Resumed 1:49 PM. Capt Wright cont'd on cross-exam until 2:55 P.M. Recess until 3:18 P.M. Witness Capt Duane Wright cont'd on cross-exam until 3:18 P.M. Re-direct exam until 3:27 P.M. Witness Thomas Scott/Just Clare Moyers testified on direct exam until 4:05 P.M. Recessed until 8:45 AM Monday 2/23/15. (over) |

| DATE OF ORDERS | | | ORDERS OF COURT CONTINUED | MICROFILM | |
| MONTH | DAY | YEAR | | REEL | FRAME |
| 2 | 23 | 15 | Resumed 9 A.M. All counsel & Defs. present. Jury brought into Courtroom & seated until 10:45. Out of jury's presence, State & witnesses pertaining to extraneous offense heard. State's witness Lovely Little sworn & testifies on direct exam until 9:30, on cross exam until 10:05, on re-direct (including playing of tape (Sx 23) until 10:21 P.M., on re-direct. Jury recalled & witness Lovely Little testified on direct exam until 11:47 A.M., on cross exam until 12:20 P.M., redirect until 12:30 P.M. Recess until 1:55 P.M. Resumed 2 P.M. State's and continues. Re: Its extraneous offense. Witness @Harris Co. Deputy Sheriff on direct exam until 2:20 P.M., on cross exam until 3:13 P.M. Released until 3:30 P.M. Resumed 3:45 P.M. Extraneous offense witness Deputy Raven testified on direct exam until 3:59 P.M., on cross exam until 4:20 P.M. Extraneous offense witness Dorothy Denkins testified as " Denkins Incident" on direct exam until 4:28 P.M., on cross exam until 4:54 P.M. Argument heard & evidence ruled as admissible extraneous offense evidence. Jury recalled at 5:23 P.M. Witness Jenkins testifying on direct exam until 5:40 P.M. State offers, & court admits Sx-31 (Conviction for Public Lewdness). Jury recessed until 9 AM Tuesday 2/24/15. | | |
| 2 | 24 | 15 | (super late) All counsel & Defs. present. Resumed begins jury at 9:15 A.M. Deft witness Lloyd Mapess testifies on direct from before State rested. Deft witness Graham Lloyd Mapess testified on direct exam until 10:45 A.M. Recess until 11:00 witness & direct & cross exam'd until 12:15 P.M. Lunch recess until 1:45 P.M. Resumed 1:50 P.M. Witness Mapess continued on direct exam until 1:58 P.M. Resumed 2:00 on cross exam until 2:54 P.M., on re-direct until 2:55 P.M. Rem. State's next witness upon resuming to continue States case (tape) | | |

# CRIMINAL DOCKET

CAUSE NO:

| COURT NO. | STYLE OF CASE | ATTORNEYS | CASE TYPE FILED |
|---|---|---|---|
| 240th Judicial District Court | THE STATE OF TEXAS VS BRANDON JAY CARTER | DISTRICT ATTORNEY | Adult Felony - Filed by Indictment |

| | | STATE | |
| | | DEFENDANT | OFFENSE |

| DATE OF FILING | | | |
|---|---|---|
| MONTH | DAY | YEAR |
| | | |

## ORDERS OF COURT

| DATE OF ORDERS | | ORDERS OF COURT |
|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 24 | 15 | (Continued) Resumed before jury at 3:16 P.M. 4 tts Ft Bend County Sheriffs. Company testified on direct & am until 9:01, on cross at am until 4:55. Released until 9 am Wed 2/25/15 |
| 2 | 25 | 15 | Resumed 9:08 A.M. State's witness Detective Tommy Thompson continued on. Cross-exam until 10 AM, on redirect exam until 10:12 A.M., on re-cross. State rests at 10:14 AM. Court &on jury retired. Deft's Motion for Directed Verdict urged & DENIED. Changes to the Charge's proposal. Changes were made. Changes approved with changes made. Jury recalled & Court. Courtroom at 11:04 AM. Defts rests without evidence. Charge filed & read to jury beginning at 11:09 P.M. concluding at 11:29 A.M. State's argument began then concluding at 11:48. Deft's argument began then, concluding at 12:36; State's closing began then, concluding at 12:39 P.M. Jury retired to deliberate at that time. |

| DATE OF ORDERS | | | ORDERS OF COURT |
|---|---|---|---|
| MONTH | DAY | YEAR | |
| 2 | 25 | 15 | (Continued) |

(Continued)

Two messages in writing from jury received. Jury recalled to Courtroom at 2:35 PM and (1) Question One (1:15 PM) and (2) Question Two - Reporters notes, both answers by consent of all parties. Jury returned to deliberate at 2:38 PM. Message in writing from jury answered in writing by agreement of both sides (re definition) "identity". Jury allowed to recess from jury room as group on bailiff's custody returning to resume deliberations at 4:06 P.M. Jury request for separation for the day at 6:50 PM. State & Defense agree. Jury concurs on record to separation. Jury recalled to Courtroom adjourned & recessed to Thursday 2/26/15 reconvene 9 AM.

| 2 | 26 | 15 | |

Jury renewed deliberations at 9:20 AM. Message in writing from jury at 10:50 AM indicating "we are at an impasse (are)" and our differences are irreconcilable. "Allen" charge approved by both sides, was sent in at 11:35 A.M. Message from jury in writing at 11:50 AM. Jury recalled to Courtroom at 12 Noon. Message from jury recd. Deft motion for mistrial GRANTED. Jury discharged.

(with jury numbers set at $500 fine)

Court entered Judgment and Commitment. Jury upon finding Contemnor Christy for fees in Contempt for non-appearance to make personal appearance bond as officer of the Court.

| 3 | 2 | 15 | |

Atty. Haase is removed from this case. Haase Law Office is ordered to replace Haase. Mr. Clark next to 4-6-2015 at 1:30 PM. Jos. Levy to notify.

# Exhibit C



# ORDER APPOINTING COUNSEL

## Cause No. 12-DCR-061186

The State of Texas

    Vs.

BRANDON JAY CARTER

Upon determination by the Court that this Defendant is indigent, HARRIS S. WOOD, JR is hereby appointed to defend BRANDON JAY CARTER.

March 02, 2015

_____
Presiding Administrative Judge

FILED
MAR 2015
AT 1:44 M.
Clerk District Court, Fort Bend Co., TX



BRANDON JAY CARTER
802 Vestabend
Houston, Tx  77073
Home: 281-232-6744

# ORDER AND NOTICE OF COURT APPOINTED ATTORNEY

## Cause No.  12-DCR-061186

## The State of Texas  Vs.  BRANDON JAY CARTER

You are hereby notified that HARRIS S. WOOD, JR, whose address and telephone number appear below, is hereby appointed as your attorney. Such representation will continue until this case is disposed, and appeals are exhausted, or replaced by an attorney whom you choose to retain.

**Your FIRST COURT DATE is as follows: April 06, 2015 at 1:30 PM at the 240th District Court.**

IMPORTANT: If the Bail Bond you received at the jail gives you a different court date than the one listed above for the bond cases, you MUST appear on the earliest date to prevent your bond from being forfeited. It is your responsibility to be present at all of your court dates.

You should arrive at the Court Room at least thirty (30) minutes prior to your arraignment time to allow for parking and to meet your attorney. If you are late or do not appear, a warrant will be issued for your arrest and your bond will be forfeited.


_____
Presiding Administrative Judge

HARRIS S. WOOD, JR
2190 NORTH LOOP WEST
STE 308
HOUSTON, TX  77018
281-924-5876

## Levy, Raquel

| | |
|---|---|
| **From:** | Levy, Raquel |
| **Sent:** | Monday, March 02, 2015 3:55 PM |
| **To:** | 'hwoodatty@yahoo.com' |
| **Subject:** | FELONY APPOINTMENT - CERTIFICATE OF CONTACT |
| **Attachments:** | CERTIFICATE OF CONTACT.doc |

Dear Counsel:

You have been appointed by the court to represent:

Name:      Brandon Jay Carter

DOB:       04/25/1991

Address:   802 Vestabend
           Houston, Tx  77073

Phone:     281-232-6744

Charge:    Burglary Habitation Intend Sex Offense – C#12-DCR-061186

Court Date:   4-6-15 @ 1:30 PM IN THE 240TH DISTRICT COURT

If the defendant has made bond, they may be reached at this address and phone otherwise they will be in the Fort Bend County Jail. As you are aware it is your responsibility to make every reasonable effort to contact the defendant by the end of the next working day after today.  Failure to comply with this responsibility may result in your replacement as counsel for the defendant pursuant to Art. 26.04(k) of the Code of Criminal Procedure.

Please reply to this email IMMEDIATELY and acknowledge your receipt of receiving.

Raquel Levy
Administrative Court Services
Indigent Defense Coordinator
301 Jackson St.
Richmond, Tx 77469
281-341-3780
FAX #281-238-3224
Raquel.Levy@fortbendcountytx.gov





FILED

MAR 13 2015

AT 11:45 M.

Clerk District Court, Fort Bend Co., TX

1

12 – DCR – 061186
ORDER
Order
3454475





# ORDER TO SUBSTITUTE COUNSEL

**STATE OF TEXAS**

 **VS**

**BRANDON JAY CARTER**

## Cause No. 12-DCR-061186

Upon determination by the Court that this defendant is indigent,

ATTORNEY HARRIS S. WOOD, JR. is hereby appointed to substitute

ATTORNEY CHRIS HESSE to defend BRANDON JAY CARTER.

Date: March 02, 2015

_Raquel Levy_
COURT ADMINISTRATION
COORDINATOR

FILED

AT 1:44 2015 M.

Clerk District Court, Fort Bend Co., TX

# Exhibit D

No. 12-DCR-061186

| STATE OF TEXAS | § | IN THE 240TH JUDICIAL |
| VS. | § | DISTRICT COURT OF |
| BRANDON JAY CARTER, Defendant | § | FORT BEND COUNTY, TEXAS |

**IN RE: DAVID CHRISTOPHER HESSE**

---

## NOTICE OF ALLEGATIONS OF CONTEMPT AND ORDER SETTING SHOW CAUSE HEARING

---

Notice is hereby given to Respondent, David Christopher Hesse, that certain conduct by you, more fully set forth hereinbelow, is considered by this Court to be prima facie evidence of contempt of court. Attached hereto as Exhibit A, and incorporated herein, is a copy of the Reporter's Record of the Court's Judgment of Contempt and Commitment Order. Attached hereto as Exhibit B, and incorporated herein, is a copy of the Reporter's Record of the Testimony of Detective Thompson. Attached hereto as Exhibit C, and incorporated herein, is a copy of the audio recording of the trial proceedings on February 24-26, 2015.

1. *Factual Allegations*

1.01 Respondent is the attorney of record for the Defendant in the above-entitled and numbered cause.

**FILED**

2015 MAR -9 AM 8: 40

12-DCR-061186
NOTF
Notice
3462745

1

*[signature]*
CLERK DISTRICT COURT
FORT BEND CO., TX

1.02 A jury trial commenced on February 17, 2015, with the selection of a petit jury on February 18, 2015, which was sworn that day.

1.03 On February 18, 2015, the indictment was read, and the Defendant pleaded, "Not Guilty." The State and Respondent for the defense presented opening statements, after which the State's evidence began.

1.04 On February 24, 2015, defense witness Lloyd Malpess testified by agreement of the parties out of order, before the State rested its case.

1.04 On February 24, 2015, Respondent argued with the Court's rulings.

1.05 On February 24, 2015, Respondent interrupted the Court as the Court spoke.

1.06 On February 24, 2015, Respondent pursued questioning on certain matters after being instructed not to do so.

1.07 On February 24, 2015, The Court advised Respondent outside the presence of the jury, that his conduct was contemptuous, that he would not be held in contempt for what had occurred thus far, and that he should proceed with care and would be held in contempt if he persisted in such behavior.

1.08 On February 25, 2015, despite the Court's warnings the day before, Respondent again persisted in disrupting the proceedings of the Court during his cross-examination of the State's witness, Detective Tommy Thompson.

1.081 Respondent argued with the Court's rulings, including "I want to know more about this DeMarcus Hawthorne" [Ex A at 54]; "I have a

2

right to confront, sir" [Ex A at 56]; "I object to being denied--" [Ex A at 80-81]; "I can put my objection, now, sir. My objection--" [Ex A at 81]; "My objection is I--" [Ex A at 81]; "My client is being denied— my client is being denied--" [Ex A at 81]; "And I want to put it on the record, sir. I want to put it on the record--" [Ex A at 81]; "I object that my client is being denied his right to confront--" [Ex A at 81]; "Every time you talk over me, sir, I'm not getting on the record. I object--" [Ex A at 82]; "I'd like to make an offer of proof now, sir" [Ex A at 82]

1.082 Respondent refused to give an estimate of how long Respondent intended to cross-examine the witness, "As long as I see fit, sir," "I don't know," "I'll determine that," "You can deal with that when it comes sir," and when the Court asked for Respondent's best estimate, Respondent twice answered, "No, sir." [Ex A at 58-62]

1.082 Respondent four times continued to pursue questioning about bad acts or convictions of DeMarcus Cortez Hawthorne after the State's object to relevance was sustained, and the Court had instructed counsel to move on to another topic. [Ex A at 43-45, 80]

1.083 Respondent twice continued to pursue questioning about latent prints after the State's objection was sustained, and the Court had

3

instructed Respondent to move on to new material. [Ex A at 55-56]

1.084 Respondent interrupted the Court when the Court spoke:

The Court: You have the usual pathway of objections—

Respondent: And I want to put it on the record, sir. I want to put it on the record—

The Court: And do not talk over the Judge.

[Ex A at 81]

1.09 On February 25, 2015, the State rested after Det. Thompson's testimony, the defense rested, and the evidence was closed. The Court's charge was read, closing arguments were made, and the jury was retired to deliberate on guilt-innocence. The jury was allowed to separate at about 6:50 p.m. on the agreement of the parties.

1.10 On February 26, 2015, the jury resumed deliberating, but sent out a written note stating "our differences are irreconcilable." The Court prepared an Allen charge that was approved by the parties and which was sent to the jury. However, at about noon, the jury was returned to the courtroom, Defendant's motion for mistrial was granted, and the jury was discharged.

1.11 On February 26, 2015, after the jury had been discharged, the Court entered a Judgment of Contempt and Commitment Order after finding Respondent in contempt and authorized Respondent to make a personal appearance bond as an officer of the Court.

## 2. Allegations of Contempt

2.01 The conduct of the Respondent, as described hereinabove, is contumacious for the reason that it significantly disrupts the orderly proceedings of the court and the proper and effective administration of justice by causing unnecessary delay and the waste of judicial resources.

## 3. Legal Principles

3.01 In determining whether or not the Respondent is in contempt, this Court is cognizant of and guided by the principle that the essence of contempt is not an offense against a particular judge's personal sensibilities, but is instead an affront to the authority, justice or dignity of the court, which conduct obstructs the proper and effective administration of justice. *Brown v. United States*, 386 U.S. 148 (1958).

3.02 Contempt has been defined as an act which is reasonably calculated to impede, embarrass, or obstruct the court in the lawful discharge of its duties. *Ex parte Soape*, 347 S.W.2d 621 (Tex. 1961).

## 4. Range of Punishment

4.01 The range of punishment for contempt is a fine of not more than $500.00, or confinement in the county jail for a period of not more than six months, or by both a fine and a period of confinement.

## 5. *Assigned Judge*

5.01 Pursuant to Section 21.002(d) of the Government Code, the Honorable Olen Underwood, presiding judge of this administrative region, has appointed the Honorable Michael Seiler, to determine the guilt or innocence of the Respondent.

Signed March 6, 2015.

Hon. Lee Duggan, Jr.
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas

6

## *SHOW CAUSE ORDER*

IT IS HEREBY ORDERED that the Respondent, David Christopher Hesse, appear before this Court at 10:00 a.m. on March 23, 2015, to show cause why he should not be held in contempt of court and punished accordingly.

## *NOTICE OF SHOW CAUSE ORDER*

IT IS FURTHER ORDERED that the Clerk of this Court shall cause a NOTICE OF SHOW CAUSE ORDER to be served on Respondent in person on March 9, 2015, upon his appearance at 10:30 a.m. in this Court as Respondent swore he would when released on a personal recognizance bail bond. A copy of this notice and order shall also be provided to the Honorable Olen Underwood, Administrative Judge; the Honorable Michael Seiler, Presiding Judge by assignment; and the Honorable Thomas Culver, Presiding Judge of the 240th District Court.

Signed March __6th__, 2015.

Hon. Michael Seiler
Judge Presiding by Assignment
240th District Court
Fort Bend County, Texas

7